ORDER
SAYRE, JUDGE:
An application of the claimant, Pamela Jewett, for an award under the West Virginia Crime Victims Compensation Act, was filed August 12, 2005, on behalf of the victim’s minor child. The report of the Claim Investigator, filed May 10, 2006, recommended that no award be granted, to which the claimant filed a response in disagreement. An Order was issued on June 15, 2006, upholding the Investigator’s recommendation and denying the claim, in response to which the claimant’s request *214 for hearing was filed August 10, 2006. This matter came on for hearing January 24, 2007, the claimant appearing in person and by counsel, W. Jesse Forbes, and the State of West Virginia by Assistant Attorney General Benjamin F. Yancey, III.
On July 28, 2005, Jody D. Gray, the 28-year-old father of claimant’s child,, was the victim of criminally injurious conduct in Charleston, Kanawha County. Mr. Gray was found face down on the kitchen floor of his residence by neighbors. The police were notified and it was discovered that the victim had a gunshot wound to the neck.
This Court’s initial denial of an award was based on the Claim Investigator’s finding that the claimant had not documented any dependent’s economic loss. W.Va. Code §14-2A-3(d) states: “ ‘Dependent’ means an individual who received over half of his or her support from the victim. For the purpose of determining whether an individual received over half of his or her support from the victim, there shall be taken into account the amount of support received from the victim as compared to the entire amount of support which the individual received from all sources.... The term ‘support’ includes, but is not limited to, food, shelter, clothing, medical and dental care and education.”
The claimant testified at the hearing of this matter that her daughter, Jayla Gray, was the daughter of the victim, Jody D. Gray. Ms. Jewett stated that Mr. Gray supported his daughter with monthly payments of $240.00. He gave additional money for such things as clothes and “going out places.” Ms. Jewett further testified that Mr. Gray was not working at the time he was killed, but she herself was employed. Her salary was approximately $320.00 per week. Ms. Jewett was also receiving Housing and Urban Development subsidies in the amount of $200.00 per month toward her rent, which was $500.00.
The Claim Investigator’s original finding was that the claimant failed to document any dependent’s economic loss. This Court’s original Order upheld the Claim Investigator’s finding, disallowing the claim. Thus it became the claimant’s burden to prove by a preponderance of the evidence that her daughter did receive over half of her support from the victim.
At the hearing of this matter, it was established that the claimant’s daughter was the natural daughter of the deceased. The child indeed was an innocent victim left without a father, something that has been agreed to at every step of the proceedings, and certainly at this juncture. However, in tins Court’s opinion, the facts as presented do not demonstrate that she was a dependent of the deceased at the time of his death as definedinW.Va. Code §14-2A-3(d). While itis clear that the deceased was paying child support in the monthly amount of $240.00, the evidence adduced at trial revealed that the claimant’s daughter was receiving more than half of her support from the claimant herself, supplemented occasionally by other family members. Since the claimant has failed to sustain her burden of proving by a preponderance of the evidence that the child was receiving over half of her support from the victim, the Court must deny this claim.
The Court is constrained by the evidence to stand by its previous ruling; therefore, the claim must be, and is hereby, denied.